JS 44 (Rev 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Updike | Tooling Dynamics, LLC |

| (b) County of Residence of First Listed Plaintiff  Dover, PA | County of Residence of First Listed Defendant  New York |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)*  Matthew J Hank, Esq | Hannah M Lindgren, Esq |
|---|---|
| Salzmann Hughes, P.C. 354 Aexander Spring Rd., Ste. 1 Carlisle, PA 17015 (717-249-6333) | Littler Mendelson, P.C., 1601 Cherry St., Ste. 1400, Philadelphia, PA 19102 (267-402-3000) |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U S Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U S Government Defendant
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability / [ ] 368 Asbestos Personal | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine / Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | Product Liability / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | [ ] 445 Amer w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer w/Disabilities - Other / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a) & 1441(a)

Brief description of cause:
Alleged wrongful termination pursuant to an implied contract

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 3/22/2021 | /s/ Matthew J. Hank |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT UPDIKE,<br><br>            Plaintiff,<br><br>v.<br><br>TOOLING DYNAMICS, LLC.<br><br><br><br>            Defendants. | Civil Action No. _____<br><br>JUDGE _____<br><br>Removed from the Court of Common Pleas of York County; Case No. 2021-SU-00397 |

## NOTICE OF REMOVAL

Defendant Tooling Dynamics, LLC ("Tooling Dynamics"), by and through its undersigned counsel, states the following:

## I.    UPDIKE'S COMPLAINT

1.    Plaintiff Robert Updike ("Updike" or "Plaintiff") commenced an action by filing a Complaint against Tooling Dynamics on February 26, 2021, in the Court of Common Pleas of York County (the "Court of Common Pleas"), styled *Robert Updike vs. Tooling Dynamics, LLC*, No. 2021-SU-00397. A copy of Updike's Complaint is attached as Exhibit A.

2.    Updike's Complaint contains a single claim for Wrongful Termination. (*See* Exhibit A.)

3.      On March 2, 2021, Tooling Dynamics was served with Updike's Complaint.  (A true and correct copy of the proof of service is attached hereto as Exhibit B).

4.      Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Tooling Dynamics or received in this action by Tooling Dynamics.

## II.   VENUE

5.      Because the Court of Common Pleas of York County lies in the Middle District of Pennsylvania, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 118(b) and 1441(a).

## III.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

6.      Under 28 U.S.C. 1332(a), federal courts have original jurisdiction over actions (1) in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) that are between citizens of different states.

### A.     Diversity of Citizenship Exists

7.      For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).  To be domiciled in a state, a person must reside there and intend to remain indefinitely.  *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may only have one domicile, and thus, may be a

2

citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

8.      Updike resides in York County, Pennsylvania (*see* Compl. ¶ 1) with the intent to remain indefinitely: he has resided in York County, Pennsylvania for at least three decades.  Accordingly, Updike is a citizen of the Commonwealth Pennsylvania for purposes of 28 U.S.C. § 1332.

9.      For purposes of diversity jurisdiction, limited liability companies are citizens of each state where their members are citizens. *See Zambelli Fireworks Manufacturing Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding a limited liability company is a citizen of each state where its members are citizens).

10.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center" – the place "where a corporation's offices direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92 (2010).

11. Tooling Dynamics, LLC's sole member, Hatteras Electrical Manufacturing Holding Company ("Hatteras"), is a corporation, organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York.  Therefore, Hatteras – and, by extension, Tooling

3

Dynamics, LLC – are citizens of Delaware and New York for purposes of 28 U.S.C. § 1332.

12.  Accordingly, diversity of citizenship for purposes of 28 U.S.C. § 1332, existed between Updike and Tooling Dynamics at the time Updike commenced this State Court Action, and continues to exist at the time of filing this Notice of Removal.

**B.    The Amount in Controversy Exceeds $75,000**

13.  Under 28 U.S.C. § 1446(c), Tooling Dynamics must establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

14.  For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demand exceeds the $75,000 threshold.  *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

15.  Updike alleges that he is entitled to "salary and benefits" because he was wrongfully terminated pursuant to the existence of an implied contract between himself and Tooling Dynamics.  (Compl. ¶¶ 40, 54.)

4

16.    At the time of his termination, Updike allegedly received a base salary of $300,000. (Compl. ¶ 45.) With respect to his bonus, in the ten years preceding his termination, all of Updike's bonuses allegedly exceeded $500,000. (Compl. ¶ 44.)

17.    In addition to Updike's allegations in his Complaint, on December 4, 2020, counsel for Updike sent a demand letter to Tooling Dynamics for 18 months of salary or $450,000. (A true and correct copy of the December 4, 2020 demand letter is attached hereto as Exhibit C).

18.    On January 28, 2021, a different attorney for Updike sent a demand letter to Tooling Dynamics again for 18 months' salary, or $450,000. (A true and correct copy of the January 28, 2021 demand letter is attached as Exhibit D).

19.    Although Tooling Dynamics denies the validity and merits of Updike's claims and allegations, and denies that Updike is entitled to any relief, the amount in controversy, Updike's alleged entitlement to a salary and a bonus, exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

20.    Based on the foregoing, Updike's claims exceed $75,000 and, accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

21.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on March 22, 2021, which is within thirty days of

5

service of the Complaint on Tooling Dynamics.

22.    All remaining documents filed in the State Court Action are attached hereto as Exhibit E.

23.    True and correct copies of this Notice of Removal are being promptly filed with the York County Court of Common Pleas, Pennsylvania, and served this date upon Updike's counsel of record.

## V.    CONCLUSION

WHEREFORE, Tooling Dynamics, LLC requests that this case be removed to the United States District Court for the Middle District of Pennsylvania, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

/s/ Matthew J. Hank
Matthew J. Hank (PA No. 86086)
Hannah Lindgren (PA No. 326049)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
mhank@littler.com
HLindgren@littler.com

Dated: March 22, 2021                    *Attorneys for Defendant*

6

## **CERTIFICATE OF SERVICE**

I, Hannah Lindgren, hereby certify that I caused to be served the foregoing

**Notice of Removal of Action**, via email and first class mail, upon the following:

Steven R. Grubb, Esquire
Stephen T. Coccorese, Esquire
Tyler R. Beaston, Esquire
Salzmann Hughes, P.C.
354 Alexander Spring Road, Suite 1
Carlisle, PA 17015
sgrubb@salzmannhughes.com

In addition, a copy of the foregoing has been filed with the Court and is

available for download from the Court's CM/ECF system.

*s/ Hannah Lindgren*
Hannah Lindgren

Dated: March 22, 2021

# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ York _____ **County**

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

**For Prothonotary Use Only:**

Docket No:

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Robert Updike

**Lead Defendant's Name:** Tooling Dynamics, LLC

**Are money damages requested?** [X] Yes  [ ] No

**Dollar Amount Requested:** (check one)  [ ] within arbitration limits  [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [X] No

**Is this an *MDJ Appeal*?** [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: Steven E. Grubb, Esq.

- [ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N   B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [X] Employment Dispute: Other
  Wrongful termination
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT UPDIKE | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| TOOLING DYNAMICS, LLC | : | CIVIL COMPLAINT |

For Updike:    Steven E. Grubb, Esq.
Stephen T. Coccorese, Esq.
Tyler R. Beaston, Esq.
Salzmann Hughes, P.C.
354 Alexander Spring Road, Suite 1
Carlisle, PA 17015
Telephone: (717) 249-6333
Fax: (717) 249-7334
sgrubb@salzmannhughes.com

For Defendants:

CIVIL COMPLAINT

Submitted by Steven E. Grubb, Esq.

York County Prothonotary Civil E-Filed – 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT UPDIKE | : | NO. |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| TOOLING DYNAMICS, LLC | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE OF
THE YORK COUNTY BAR ASSOCIATION
(Attorney Connections)
York County Bar Center
137 East Market Street
York, Pennsylvania 17401
(717) 854-8755

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

LAWYER REFERRAL SERVICE OF
THE YORK COUNTY BAR ASSOCIATION
(Attorney Connections)
York County Bar Center
137 East Market Street
York, Pennsylvania 17401
(717) 854-8755

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT UPDIKE | : | NO. |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| TOOLING DYNAMICS, LLC | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## CIVIL COMPLAINT

AND NOW, comes Plaintiff, Robert Updike, by and through his counsel, SALZMANN HUGHES, P.C., who avers the following in support of this Complaint:

1. Plaintiff, Robert Updike ("Updike"), is an adult individual residing at 1305 Detters Mill Road, Dover, Pennsylvania 17315.

2. Defendant, Tooling Dynamics, LLC ("Defendant" or "Tooling Dynamics") is a limited liability company organized under the laws of the state of Iowa, with its principal place of business located at 905 Vogelsong Road, York, Pennsylvania.

3. Defendant is in the business of designing and manufacturing metal stamping tools and dies, precision metal-stamped components and connectors, and other similar activities.

4. Updike is the former CEO of Defendant, having served in that capacity since January of 2003.

1

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

5.      Updike was also a seven percent (7%) interest holder of Defendant until Hatteras Electrical Manufacturing Holding Company, a Delaware corporation ("Hatteras"), purchased Updike's membership interest and all other membership interests, making Hatteras the sole owner of all membership interests in Defendant as of December 23, 2019.

6.      Hatteras is owned by Sigma Electric Manufacturing Corporation ("Sigma").

7.      During the period where Tooling Dynamics' membership interests were offered for sale, Hatteras, among other buyers, sought a commitment from Updike to remain employed after the sale of Defendant's membership interests so as to assist with the transition of the business.

8.      Updike's willingness to remain employed after the sale of the membership interests was a material condition of any sale.

9.      Updike affirmed his commitment to remain employed for up to three years from any sale.

10.     Updike's commitment to remain employed after a sale of his membership interest was confirmed in marketing materials to potential buyers of the business, including Defendant.

11.     Hatteras eventually purchased all membership interests of Defendant as of December 23, 2019 by signing a Unit Purchase Agreement to which Updike, among others, was a signatory (the "Unit Purchase Agreement").

12.     On the eve of closing of the sale of the membership units in Defendant to Hatteras, an attorney informed Updike that Hatteras was demanding that Updike take a pay cut in order to remain employed after the closing.

2

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

13.     Hatteras deemed Updike's compensation to be excessive for his position, and the pay cut Updike was being asked to absorb was material to closing on the transaction.

14.     Prior to the sale of the membership interests, Updike had been paid a base salary of $200,000.00, plus an annual bonus equal to eight percent (8%) of Defendant's operating income.

15.     Updike had participated in the bonus program for in excess of ten (10) years.

16.     For fiscal years 2017, 2018 and 2019, pursuant to the bonus program, Updike received bonuses in the amount of $621,000, $702,000, and $735,000.00, respectively.

17.     Since 2010, Updike never received a bonus of less than $500,000.00.

18.     Hatteras required that in order for Updike to remain employed with Defendant following Hatteras' purchase of the membership interests, he would have to cut his pay to a flat salary of $300,000.00 with no opportunity to participate in the bonus program.

19.     In order for the closing to occur, and relying upon continued employment after closing, Updike agreed to give up his bonus and accepted the base salary of $300,000.00 per year.

20.     Updike signed a Termination and Mutual Release Agreement whereby he agreed that his participation in the bonus program was terminated (the "Termination Agreement"). A copy of the Termination Agreement is attached hereto and incorporated herein by reference as Exhibit "A."

21.     After the closing occurred, and in the process of transitioning the business to its new owners, in January of 2020, Updike met with Viren Joshi, the CEO of Sigma ("Joshi") and Tyson Berkey, the president and COO of Defendant.

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

22.    During the meeting, Updike confirmed that he would continue to work with Defendant for at least two years.

23.    During a presentation to Defendant's plant employees around the January 2020 time period, Joshi confirmed that "Bob [Updike] will be here two years and many, many months."

24.    Around May 2020, Joshi approached Updike and asked about Updike's plans for 2021 and what his role would be with Defendant.

25.    Joshi asked Updike to consider partial hours, working from home, or reduced salary with continued medical coverage until Updike reached age 65.

26.    In response to Joshi's request, on October 12, 2020, Updike sent an email to Joshi regarding Updike's anticipated plans for 2021. A copy of said email is attached hereto and incorporated herein by reference as Exhibit "B."

27.    The email speaks for itself, but Updike makes it clear that he intended to continue to support Defendant through 2021, with extended benefits through age 65, provided this was acceptable to Defendant's Board of Directors.

28.    On November 8, 2020, without warning or further discussion or any stated cause, Joshi called Updike and informed him that his employment with Defendant would be summarily terminated, without severance or continued benefits, effective December 31, 2020.

29.    Updike, as demanded by Joshi and others in management positions at Defendant, and in a good faith effort not to harm the business which he helped build and to which he had devoted the better part of his adult life, circulated a written notice to employees, coworkers, and customers in which he stated that he was retiring.

4

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

30.    Subsequent to the notice of his termination, and despite offering no post-employment consideration, benefits or severance, Defendant demanded that Updike sign a Restated Covenant Agreement where he would waive all rights to bring an action against Defendant and release Defendant from any alleged wrongdoing under a number of statutes and common law.

31.    Updike did not sign the Restated Covenant Agreement.

32.    Updike's employment with Defendant ended December 31, 2020.

## Count 1 – Wrongful Termination

33.    Paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34.    A claim for wrongful termination or wrongful discharge may be brought where a contract implied in fact exists.

35.    The presence of a contract implied in fact overcomes a presumption of employment at will.

36.    A contract implied in fact may be established by an examination of the surrounding facts and circumstances, including the presence of additional consideration provided by an employee to the employer.

37.    Additional consideration exists where an employee provides his employer a substantial benefit other than his services as an employee or where an employee incurs a sufficient detriment for the benefit of the employer other than his services as an employee.

38.    Courts will infer from the presence of such additional consideration that the parties intend an agreement to *not* be at-will.

5

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

39.     Where sufficient additional consideration is provided, an employee should not be subject to discharge without just cause.

40.     In the present case, Updike and Defendant were parties to an employment contract implied in fact.

41.     Defendant received substantial consideration at Updike's expense beyond Updike's continued work as an employee.

42.     Specifically, Updike incurred a substantial detriment in order to continue his employment in that he was forced to give up the annual bonus he had received consistently each year for in excess of 10 years.

43.     The annual bonus Updike relinquished for Defendant's benefit amounted to 8% of Defendant's operating income.

44.     The annual bonus ranged from $621,000.00 to $735,000.00 per year from 2017 to 2019, but was never below $500,000.00 for the ten (10) years preceding his termination.

45.     In order for Updike to remain employed with Defendant, Hatteras required Updike to take a flat salary of $300,000.00.

46.     The $300,000.00 salary is roughly one third (1/3) of what Updike had previously been earning and Updike suffered a detriment of roughly two-thirds (2/3) of his compensation to continue his employment.

47.     Additionally, pursuant to the requirements and demands of Defendant whereby Updike was required to remain employed at Tooling Dynamics after the membership acquisition

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

so as to take advantage of Updike's knowledge and experience, Defendant received a substantial benefit.

48.     Defendant received substantial additional financial consideration from Updike and Updike incurred a substantial detriment for the benefit of Defendant and, thus, his employment relationship with Defendant could not be terminated without just cause and was not at will.

49.     Defendant terminated Updike without warning, discussion, or just cause provided.

50.     Additionally Defendant represented to Updike, and Updike had an expectation that his employment would continue for over two years after the sale of his membership interests in December of 2019.

51.     In reliance upon these representations, Updike incurred the substantial detriment, as explained in greater detail hereinabove and agreed to remain employed.

52.     Contrary to Defendant's representations, in October of 2020, Defendant terminated Updike after only one year of employment.

53.     Such termination was wrongful and injurious to Updike who had a reasonable expectation of employment well beyond December 31, 2020 and as late as the end of 2022.

54.     Updike was damaged in that he was deprived of salary and benefits which would have been recived but for his wrongful termination by Defendant.

WHEREFORE, Plaintiff Robert Updike respectfully requests that this honorable Court enter judgment in his favor and against Defendant in an amount greater than the compulsory arbitration limit of $50,000.00 in York County, plus costs, interest, recoverable attorneys' fees, and any other award this Court deems just and proper.

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

Respectfully submitted,

Date: February __25__, 2021

**SALZMANN HUGHES, P.C.**

Steven E. Grubb, Esq.
PA Attorney ID No. 75897
Stephen T. Coccorese, Esq.
PA Attorney ID No. 313974
Tyler R. Beaston, Esq.
PA Attorney ID No. 327608
354 Alexander Spring Rd., Suite 1
Carlisle, PA 17015
(717) 249-6333

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

## VERIFICATION

I have read the statements made in this Complaint, and they are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: February 16th, 2021

Robert Updike

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

SALZMANN HUGHES, P.C.

Date: February ⎽⎽⎽⎽⎽⎽ , 2021

Steven E. Grubb, Esq.
PA Attorney ID No. 75897
Stephen T. Coccorese, Esq.
PA Attorney ID No. 313974
Tyler R. Beaston, Esq.
PA Attorney ID No. 327608
354 Alexander Spring Rd., Suite 1
Carlisle, PA 17015
Phone: (717) 249-6333

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

# EXHIBIT A

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

## TERMINATION AGREEMENT AND MUTUAL RELEASE

This Termination of Bonus Agreement (the "Termination Agreement") is effective as of December 23, 2019 (the "Effective Date"), between Tooling Dynamics LLC, an Iowa limited liability company ("LLC"), and Robert W. Updike, ("Updike").

### RECITALS

WHEREAS, the parties to this Termination Agreement entered into a verbal agreement ("Bonus Agreement") pursuant to which Updike is paid an annual bonus based on operating income, calculated at 8% of operating income monthly; accrued throughout the year, which verbal agreement is consistent with Section 2.2 of Mr. Updike's Amended and Restated Employment Agreement with the Company, dated May 1, 2009, the term of which Amended and Restated Employment Agreement has expired; and

WHEREAS, on the terms and conditions set forth in this Termination Agreement, the parties mutually desire to terminate the Bonus Agreement as of the Effective Date.

NOW THEREFORE, it is mutually agreed as follows:

1. Termination. LLC and Updike hereby terminate the Bonus Agreement on the Effective Date set forth above and immediately upon execution of this Termination Agreement, neither party shall have any obligation, responsibility, or liability to the other party for any reason whatsoever in connection with the Bonus Agreement;

2. Release. Immediately upon execution of this Termination Agreement, Updike releases and forever discharges LLC and all of its employees, agents, successors, assigns, legal representatives, affiliates, directors and officers from and against any and all actions, claims, suits, demands, payment obligations or other obligations or liabilities of any nature whatsoever, whether known or unknown, which LLC or any of its employees, agents, successors, assigns, legal representatives, affiliates, directors and officers have had, now have or may in the future have directly or indirectly arising out of (or in connection with) the Bonus Agreement;

3. Updike acknowledges and agrees that the payment by LLC of the 2019 bonus constitutes adequate consideration for the release of claims in connection with the termination for the Bonus Agreement; and

4. This Termination Agreement supersedes any other oral or written agreements between the parties regarding the subject matter hereof and shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

Effective as of the date set forth above.

TOOLING DYNAMICS LLC

By: _____
Jason DeStigter, Manager


_____
Robert W. Updike

York County Prothonotary Civil E-Filed – 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

# EXHIBIT B

York County Prothonotary Civil E-Filed - 26 Feb 2021 08:58:13 AM
Case Number: 2021-SU-000397

Bob Updike – CEO Tooling Dynamics LLC

October 12th, 2020


Hi Viren,

Back in May we had discussed what my thoughts were on a length of time I would like to continue supporting Tooling Dynamics LLC into the future and in what manner. When TD and SIGMA discussed this during original negotiations I was asked if I would consider 36 months. I did agree to that term if needed and to forfeit my bonus program in support of our Management team, which I did. I'm currently 60 years old and would need to support mine and my wife's healthcare until 65 years old. The cost of the healthcare is $3,000 per month for the two of us. With Covid and the Presidential election putting extreme pressure on the business I would like to continue supporting Tooling Dynamics thru 2021 if SIGMA and the board finds that acceptable. I have remained busy this entire year supporting the management team, working with customers, completing the quote process on Phase 1, completing assigned tasks from/with Ty and worked with all employees to keep morale up and positive for the future. Its been a very busy year.

This hopefully is what you were asking me to do prior to end of year, Thank you.


Sincerely,

Bob Updike

# EXHIBIT B

# SHERIFF'S OFFICE OF YORK COUNTY

**Richard P Keuerleber**
*Sheriff*

**Christopher A. Ferro, Esq.**
*Solicitor*

**Steven Diehl**
*Chief Deputy, Operations*

**Richard E Rice, II**
*Chief Deputy, Administration*



ROBERT UPDIKE
vs.
TOOLING DYNAMICS, LLC

**Case Number**
2021-SU-000397

## SHERIFF'S RETURN OF SERVICE

03/02/2021     09:16 AM - DEPUTY SAGE LEAR, BEING DULY SWORN ACCORDING TO LAW, SERVED THE REQUESTED COMPLAINT IN CIVIL ACTION (CICA) BY HANDING  A TRUE COPY TO A PERSON REPRESENTING THEMSELVES TO BE JOYCE SHELLBURN, CONTROLLER, WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR TOOLING DYNAMICS, LLC AT 905 VOGRLSONG ROAD, YORK, PA 17404.

_____
SAGE LEAR, DEPUTY

SHERIFF COST: $36.79

SO ANSWERS,

_____
March 04, 2021                                    RICHARD P KEUERLEBER, SHERIFF

# EXHIBIT C

**From:** Crocenzi, Michael J. <MCrocenzi@barley.com>
**Sent:** Friday, December 4, 2020 4:00 PM
**To:** Felicia Nelson <fnelson@sigmaelectric.com>
**Subject:** Robert Updike

|CAUTION – External email|
Dear Ms. Nelson,

As you know, this office represents Mr. Updike in connection with the Restated Covenant Agreement ("Agreement") you provided to Mr. Updike on November 30, 2020. Thank you for speaking with me today about Mr. Updike's proposed changes to the Agreement. You asked me to put the proposed changes in writing.

First, Mr. Updike and Charlie Burns and other representatives of the company entered into a verbal agreement before the close of the sale (12/23/19) that the company would employ Mr. Updike as CEO for three years at a yearly salary of $300,000 effective December 23, 2019. In Pennsylvania, this type of verbal employment agreement is valid and enforceable. I will note that the company even acknowledged the validity of verbal agreements when it admitted in the Termination Agreement and Mutual Release dated December 23, 2019 there was a binding verbal agreement between Mr. Updike and the company regarding payment of the bonus based on 8% of operating income. The verbal employment agreement for a definite term of three years rebuts any type of presumption of at-will employment.

Second, as part of the deal to close the sale, Mr. Updike agreed to terminate the verbal agreement to have the company pay him a bonus based on 8% of operating income. Based on this bonus structure, Mr. Updike was paid a bonus of $621,000, $702,000, and $735,000 in FY2017, FY2018, and FY2019 respectively. The increase in his yearly salary from $200,000 to $300,000 does not come close to replacing the bonus. Mr. Updike provided this additional consideration to the company to help the company with the transition to new ownership and management. In Pennsylvania, an employee who provides sufficient additional consideration to the company rebuts the presumption of at-will employment. This amount of additional consideration is more than sufficient to support employment for a three year term.

You mentioned that Mr. Updike did not believe he had much of a case for a three year employment agreement. Even if it is true that Mr. Updike made comments to this effect, Mr. Updike did not have the benefit of legal counsel until he hired this law firm to review the Restated Covenant Agreement and the events leading up to

the company presenting this Agreement to him. Based on our analysis as set forth above, Mr. Updike has strong, legally valid claims to a three year employment agreement. The company is breaching this employment agreement by unilaterally terminating him effective December 31, 2020.

Instead of demanding payment of his $300,000 salary and benefits for the remaining two years of his employment agreement, Mr. Updike is willing to sign the Restated Covenant Agreement if the company agrees to pay him for 18 months of salary or $450,000. Furthermore, the non-disparagement clause in paragraph 9 needs to be mutual and the company needs to pay 100% of the arbitrator's fees if any disagreement over the executed Agreement is submitted to arbitration (see paragraph 12 of the Agreement).

I look forward to hearing from you.

Mike Crocenzi

---

Michael J Crocenzi
100 East Market Street
York, PA 17401
T: 717-814-5417 | x2023 | C: 717-576-8142 | F: 717-843-8492
Bio | www.barley.com
<image001.jpg>

INFORMATION CONTAINED IN THIS EMAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

# EXHIBIT D

# SALZMANN HUGHES, P.C.
## Attorneys at Law
EXPERIENCE · INTEGRITY · INNOVATION

*Please reply to:*

354 Alexander Spring Road, Suite 1
Carlisle, PA 17015
Phone: 717.249.6333
Fax: 717.249.7334

Chambersburg • Carlisle • Harrisburg • Gettysburg • Hanover

January 28, 2021

*VIA E-MAIL* (DDubberly@nexsenpruct.com)
David E. Dubberly, Esq.
Nexsen Pruet, LLC
1230 Main Street, Ste. 700
Columbia, SC 29201

**FOR SETTLEMENT PURPOSES ONLY.**
**NOT ADMISSIBLE AS EVIDENCE.**

### RE: Robert Updike Termination from Tooling Dynamics, LLC

Dear Mr. Dubberly:

This firm represents Robert Updike, who was involuntarily terminated from employment by Tooling Dynamics LLC effective December 31, 2020. Prior to our involvement, this matter was being handled by the firm of Barley Snyder and you communicated with Michael J. Crocenzi, Esq. of that firm. Since the matter appears to be heading toward litigation the matter was referred to this firm for further handling.

Based on our review of the facts, it appears clear that Mr. Updike's continued employment was an essential component of Hatteras Electrical Manufacturing Holding Company's (the 'Buyer') willingness to purchase the membership interests in Tooling Dynamics, part of which was owned by Mr. Updike and pursuant to which Mr. Updike agreed to certain restrictive covenants. It also appears clear that in agreeing to remain employed after the sale of his shares to the Buyer, Mr. Updike agreed to give up a substantial portion of his compensation. Literally the day before closing on the transaction, under the guise that Mr. Updike was being paid above an appropriate pay level, the Buyer demanded that Mr. Updike give up his rights to a yearly bonus program in exchange for a yearly salary of $300,000.00. Mr. Updike had been participating in the bonus program for over ten (10) years. By giving up the bonus program, Mr. Updike gave up compensation ranging from two to three times the $300,000.00 salary. Nevertheless, in order to remain employed, he executed the written agreement presented to him and forfeited his rights under the bonus program.

Tooling Dynamics then terminated Mr. Updike for no stated reason as of December 31, 2020. It appears that Tooling Dynamics deems Mr. Updike as an employee at will, however the facts surrounding this matter indicate otherwise. Where an employee incurs a sufficient detriment for the benefit of the employer, courts may infer that the parties did not intend the employment to be at will. Mr. Updike gave up substantial amounts to Tooling Dynamics to remain employed.

WWW.SALZMANNHUGHES.COM

Nexsen Pruet, LLC
RE:    Robert Updike / Tooling Dymanics, LLC
Page 2
January 28, 2021

Having done so, it appears clear that Mr. Updike ceased being an at-will employee and could not be unilaterally terminated.

Mr. Crocenzi previously extended an offer to settle this matter by which Mr. Updike would sign a Restated Covenant Agreement (with changes as referenced by Mr. Crocenzi) in return for payment of 18 months of salary (or $450,000.00). This offer will remain open for 15 days from ~~Feb. 12~~ the date of this letter. If we do not hear from you by that time, we are prepared to discuss with Mr. Updike the filing of a wrongful termination lawsuit in the York County Court of Common Pleas.

The above contain statements made in the context of settlement discussions and are based on the facts known to us as of the date of this letter. Mr. Updike and his undersigned counsel reserve all rights related to this claim, including the right to assert additional claims and additional or different facts as they become known through the continued investigation of this claim and, if necessary, in the course of discovery in a legal action. This letter should not be construed as a waiver of any legal rights.

Sincerely,

**SALZMANN HUGHES, P.C.**

By:
Steven E. Grubb, Esq.

Cc:  Robert Updike

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT UPDIKE,                        )
                                      )
      Plaintiff,                )   Civil Action No. _____
                                      )
   v.                             )   JUDGE _____
                                      )
TOOLING DYNAMICS, LLC,                )
                                      )   Removed from the Court of Common
      Defendant.                )   Pleas of York County, Case No. 2021-
                                      )   SU-00397
                                      )
                                      )

## NOTICE TO ADVERSE PARTIES OF REMOVAL AND CERTIFICATE OF NOTICE TO PROTHONOTARY OF COURT OF COMMON PLEAS

Pursuant to 28 U.S.C. § 1446(d), Defendant Tooling Dynamics, LLC hereby gives written notice to Plaintiff Robert Updike that a notice of removal based upon diversity jurisdiction under 28 U.S.C. § 1332 was filed in the above-captioned matter on March 22, 2021. Defendant, through counsel, also certifies that a notice of said filing and a copy of the notice of removal were served for filing on the Court of Common Pleas of York County on March 22, 2021.

1

Respectfully submitted,


/s/ Hannah M. Lindgren

Matthew J. Hank (PA ID No. 86086)
Hannah M. Lindgren (PA ID No. 326049)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
MHank@littler.com
HLindgren@littler.com

*Attorneys for Defendant*
*Tooling Dynamics, LLC*

Date: March 22, 2021

2

## CERTIFICATE OF SERVICE

I, Hannah Lindgren, hereby certify that on this 22nd day of March, 2021, I caused a true and correct copy of the foregoing Notice to Adverse Parties of Removal and Certificate of Notice to Prothonotary of Court of Common Pleas to be served via first class mail, postage prepaid, upon the following:

> Steven E. Grubb, Esquire
> Stephen T. Coccorese, Esquire
> Tyler R. Beaston, Esquire
> 354 Alexander Spring Road, Suite 1
> Carlisle PA 17015
>
> *Attorneys for Plaintiff*

> /s/ *Hannah M. Lindgren*
> Matthew J. Hank (PA ID No. 86086)
> Hannah M. Lindgren (PA ID No. 326049)
> **LITTLER MENDELSON, P.C.**
> Three Parkway
> 1601 Cherry Street, Suite 1400
> Philadelphia, PA 19102.1321
> 267.402.3000 (t)
> 267.402.3131 (f)
> MHank@littler.com
> HLindgren@littler.com
>
> *Attorneys for Defendant*
> *Tooling Dynamics, LLC*

Date: March 22, 2020

# EXHIBIT E

York County Prothonotary Civil E-Filed - 22 Mar 2021 10:48:36 AM

Hannah M. Lindgren, Esquire
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400      Attorney for Defendant
Philadelphia, PA  19102.1321        Tooling Dynamics, LLC
267.402.3000 (t)
267.402.3131 (f)
hlindgren@littler.com

| | | |
|---|---|---|
| ROBERT UPDIKE, | : | COURT OF COMMON PLEAS |
| | : | YORK COUNTY |
| Plaintiff, | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | No. 2021-SU-000397 |
| | : | |
| TOOLING DYNAMICS, LLC, | : | |
| | : | |
| Defendant. | : | |

### PRAECIPE FOR ENTRY OF APPEARANCE OF HANNAH M. LINDGREN

TO THE PROTHONATARY:

Please enter the appearance of Hannah M. Lindgren as co-counsel for Defendant Tooling

Dynamics, LLC in the above- captioned matter. Kindly direct to our attention all communications or

requests concerning this matter.

Respectfully submitted,


*/s/Hannah M. Lindgren*
Hannah M. Lindgren, (PA #326049)
Matthew J. Hank (PA ID No. 86086)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

Attorneys for Defendant
Tooling Dynamics, LLC

Date: March 22, 2021

York County Prothonotary Civil E-Filed - 22 Mar 2021 10:48:36 AM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I caused a copy of the foregoing **Praecipe for Entry of Appearance,** to be served upon Plaintiff, through his counsel, via email pursuant to Pa.R.C.P. 205.4(g)(1)(h), as follows**:**

Steven R. Grubb, Esquire
Stephen T. Coccorese, Esquire
Tyler R. Beaston, Esquire
Salzmann Hughes, P.C.
354 Alexander Spring Road, Suite 1
Carlisle, PA 17015
sgrubb@salzmannhughes.com


*/s/ Hannah Lindgren*
Hannah Lindgren


Dated:  March 22, 2021

CountySuite Civil Court

**CountySuite™ CIVIL COURT**

**CASE DETAILS**
ROBERT UPDIKE vs. TOOLING DYNAMICS LLC

Public Web User   Home   Help

**2021-SU-000397**

Close | Documents

Print Dockets ▾

Date filed: 02/26/2021 09:45 AM

Days Open: 24

Date closed:

Status: OPEN

# CIVIL: CONTRACT - EMPLOYMENT DISPUTE: OTHER

**Plaintiff**

Name: ROBERT UPDIKE
Address: 1305 DETTERS MILL RD
DOVER PA 17315
HOME

**vs.**

**Defendant**

Name: TOOLING DYNAMICS LLC
Address: 905 VOGRLSONG ROAD
YORK PA
BUSINESS

**Attorney**

Name: STEVEN E GRUBB, ESQ
Address: SALZMANN HUGHES PC
354 ALEXANDER SPRINF RD STE 1
CARLISLE PA 17015
717-249-6333
FIRM ADDRESS

**Attorney**

Name: HANNAH M LINDGREN, ESQ
Address: LITTLER MENDELSON PC
1601 CHERRY ST STE 1400
PHILADELPHIA PA 19102
267-402-3000
FIRM ADDRESS

**Case Details**

SubCategory:

Commencement: Complaint

Filing Options: ☐ Pro Se  ☐ Class Action Suit  ☑ Money Damages  ☑ Outside Arbitration Limits  ☐ MDJ Appeal  ☐ In Forma Pauperis

Disposition: Final: ____ ____ ✎  AOPC: ____ ____ ✎

Public Notes:

Reference Nos.

**Case Docket Entries**

| Date | Category | Description | ... |
|------|----------|-------------|-----|
| 3/22/2021 | ENTRY OF APPEARANCE | ENTRY OF APPEARANCE OF HANNAH M LINDGREN, ESQ FOR DEFT | |
| 3/4/2021 | RETURN OF SERVICE | Sheriff's Return - Civil Action - Complaint in Civil A... | |

**Case Judgments**

| Date | Creditor | Debtor | Description | Amount | ... |
|------|----------|--------|-------------|--------|-----|